05-2314ghmFordM&O.wpd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ALI KAFI FORD, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2314 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Ali Kafi Ford, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony conviction. Respondent has filed a motion for summary judgment. (Docket Entry No. 8.) Petitioner has responded. (Docket Entry No. 14.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action.

### I. PROCEDURAL BACKGROUND

Petitioner was found guilty of murder and sentenced to life imprisonment in cause number 886,448 in the 230th District Court of Harris County, Texas. The conviction was affirmed on appeal. *Ford v. State*, No. 01-02-00537-CR (Tex. App. – Houston [1st Dist.] 2003, no pet.) (not designated for publication). Petitioner did not seek discretionary review. Petitioner's first state habeas application ("*Ford I*") was denied by the Texas Court of

Criminal Appeals on August 25, 2004. *Ex parte Ford,* Application No. 59,824-01, at 20. His second state habeas application ("*Ford II*") was denied by the Texas Court of Criminal Appeals without a written order on June 8, 2005. *Ex parte Ford,* Application No. 59,824-02, at cover.

Petitioner raises the following grounds for federal habeas relief:

(1) Appellate counsel was ineffective in failing to advise petitioner of his right to file a petition for discretionary review.

(2) Trial counsel was ineffective in failing to investigate, seek potential witnesses, challenge his arrest for lack of probable cause, and present mental illness evidence at the punishment phase of trial.

Respondent argues that these grounds fail as a matter of law.

## II. FACTUAL BACKGROUND

The state appellate court set forth the following statement of facts in its opinion:

> Tony Ray Robinson was the single eyewitness in this case. He testified that he was ten feet away when he saw appellant stab the complainant in the neck. Robinson, a long-time drug user, admitted to using drugs and drinking alcohol the night before the incident.

*Ford*, at 1.

## III. THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as

determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

## IV.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner alleges the following instances of ineffective assistance of trial counsel, and requests an evidentiary hearing to establish his claims more fully.

A.   Failure to Investigate

Petitioner asserts that trial counsel was ineffective in not conducting an independent investigation of the case regarding lack of probable cause for his arrest, a dry cleaner's receipt, and other non-specific matters. Petitioner fails to address these issues in his response to the motion for summary judgment.

The gravamen of petitioner's first argument is that his arrest lacked probable cause because it was based on an identification by only one eyewitness: a known drug dealer with no credibility. (Docket Entry No. 2, p. 15.) In his affidavit submitted to the state habeas court, trial counsel testified that, "The arrest of Mr. Ford was based upon the testimony of an alleged eyewitness. I did not believe lack of probable cause existed." *Ford II*, p. 111.

5

In denying habeas relief, the state court found that, "the totality of the representation afforded [petitioner] was sufficient to protect his right to reasonably effective assistance of counsel[.]" *Id.*, p. 120. The Texas Court of Criminal Appeals impliedly relied on this finding in denying habeas relief without a written order. *Id.*, at cover.

To establish ineffective assistance, petitioner must show that counsel's performance was deficient and that the deficient performance caused him prejudice. *See Strickland*, 466 at 687. Under *Strickland*, judicial scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. 466 U.S. at 689. This Court, therefore, must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Petitioner provides no legal or factual support for his claim that had counsel moved to challenge the arrest for lack of probable cause, the motion would have been granted. A petitioner must provide some facts to support his claims; conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Attorneys are not required by the Sixth Amendment to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Petitioner's conclusory argument fails to establish either deficient performance or prejudice.

Petitioner next complains that trial counsel was deficient in failing to investigate a dry cleaner's receipt. (Docket Entry No. 2, p. 15.) Petitioner states that the prosecution used the receipt to place petitioner close to the murder scene, in time and place. Petitioner

alleges, however, that had counsel investigated properly, he would have discovered that the receipt was "an 'old' issue because the numerals (in numerical order) would have produced physical evidence (in the form of a previously used pad) or testimony (from cleaners employees) that the receipt came from an old-pad." (*Id.*) This conclusory claim is unsupported by any probative evidence in the record, and is insufficient to raise a genuine issue of material fact precluding summary judgment. Petitioner's conclusory argument fails to establish either deficient performance or prejudice.

To the extent petitioner claims in general that trial counsel failed to independently investigate the case, his conclusory claims are unsupported by any probative evidence in the record, and are insufficient to raise a genuine issue of material fact precluding summary judgment. Petitioner's conclusory argument fails to establish either deficient performance or prejudice.

The state habeas court denied relief on these issues. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on these issues.

B.  <u>Failure to Seek Potential Witnesses</u>

Petitioner claims that trial counsel was ineffective in not seeking out and interviewing potential witnesses, including a medical expert witness to rebut complainant's cause of death. Respondent argues that petitioner fails to identify potential witnesses,

7

present any supporting affidavits, or otherwise establish with probative evidence that potential witnesses were available and willing to testify at trial, and the nature of their potential testimony on his behalf. Petitioner fails to address these issues in his response to the motion for summary judgment.

In his affidavit submitted to the state habeas court, trial counsel testified that he was not aware of any alleged witnesses outside the courtroom, and that he did not believe it was necessary or beneficial to call additional witnesses. *Ford II*, pp. 110-111. In denying habeas relief, the state court found that "the totality of the representation afforded [petitioner] was sufficient to protect his right to reasonably effective assistance of counsel[.]" *Id.*, p. 120.

To establish ineffective assistance, petitioner must show that counsel's performance was deficient and that the deficient performance caused him prejudice. *See Strickland*, 466 at 687. Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and counsel is entitled to a presumption that his performance was adequate. *Wilkerson v. Cain*, 233 F.3d 886, 892-93 (5th Cir. 2000). To demonstrate ineffective assistance of counsel based on uncalled witnesses, petitioner must show not only that the testimony would have been favorable, but also that the witnesses were available and would have testified at trial. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (stating that complaints of uncalled witnesses are disfavored because allegations concerning what a witness would have said are speculative). Petitioner's conclusory allegations fail to establish either deficient performance or prejudice.

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

C.      Failure to Present Evidence of Mental Illness

Petitioner argues that trial counsel was ineffective in failing to present during punishment or sentencing petitioner's "extensive history of mental illness" as mitigating evidence. (Docket Entry No. 2, p. 11.) Punishment and sentencing was to the trial court, facilitated by a presentence investigation report.

In denying habeas relief, the state court made the following relevant findings:

2.      [T]he relief requested should be denied because (a) [petitioner] was legally competent to stand trial, (b) the totality of the representation afforded [petitioner] was sufficient to protect his right to reasonably effective assistance of counsel, and (c) [petitioner] has failed to demonstrate that his conviction was improperly obtained.

*Ford II*, p. 120. The Texas Court of Criminal Appeals impliedly relied on these findings in denying habeas relief without a written order. *Id.*, at cover.

The state court record reveals that as evidence of his purportedly extensive history of mental illness, petitioner submitted a health status update form completed by the Harris County Sheriff's Department, dated April 29, 2002, for an inmate named John Ferrie.[1] The

---

[1] Contrary to the State's arguments, this Court notes several references throughout the record to "John Ferrie" as one of petitioner's aliases. *See, e.g.,* petitioner's competency evaluation dated February 13, 2002, and the state court's order delivering petitioner to the Texas Department of

form reflects a diagnosis of schizophrenia, with an inactive medications profile. *Ford II*, Exhibit A. The form does not reflect the date of the initial diagnosis or the source of the diagnosis (whether independently verified by medical staff or simply provided by petitioner as a prior medical history), and no other medical evidence regarding petitioner appears in the record. Although petitioner claims that his mother was personally acquainted with and could testify to his psychiatric problems, no affidavit from his mother appears in the record. *Id.*, pp. 16, 32.

Regarding petitioner's claims of mental illness or impairment, the state habeas court focused its inquiry on petitioner's competency to stand trial. *Ford II*, p. 100. The state habeas court ordered trial counsel to submit an affidavit as to whether he

> was made aware that [petitioner] was (sic) purportedly suffered from mental disorders (if so, please state the source of this information and if this knowledge caused trial counsel any concern regarding [petitioner's] legal competence to stand trial and to enter a guilty plea.[2]

*Ford II*, p. 100. With the exception of the word "was," the state court's order tracked, *verbatim*, petitioner's own proposed order designating issues and for filing of affidavit. *Ford II*, p. 97. In response, trial counsel testified by affidavit as follows:

> I did not observe anything abnormal in Mr. Ford's speech[,] behavior or demeanor. He was able to assist me in the preparation of this case.
>
> I conferred with Robert Scott, who was Mr. Ford's previous attorney. I believe Mr. Ford was examined by a Harris County psychiatrist and was found to be sane and competent.

---

Criminal Justice pending mandate, dated April 1, 2002.

  [2] The record clearly shows that petitioner did not plead guilty at trial.

10

I believe Mr. Ford had a rational and factual understanding of the trial.

*Id.*, p. 110. Trial counsel's answers complied with the state court's inquiries, the very same inquiries had been proposed by petitioner. Because the state habeas court adopted petitioner's proposed inquiries for trial counsel's affidavit, the record does not support his complaint that the state court "thwarted" his efforts to obtain evidence from trial counsel. To the extent petitioner directly or indirectly claims that he was not competent to stand trial, his claim is conclusory, unsupported by probative evidence in the record, and insufficient to raise a genuine issue of material fact precluding summary judgment. The record does not support petitioner's argument that trial counsel was deficient in not presenting petitioner's alleged history of mental illness as mitigating evidence during punishment.

To the extent trial counsel was aware of petitioner's claim of mental illness, the presentation of trial evidence is a matter of professional judgment and trial strategy. Substantial deference is given to counsel's performance, applying the strong presumption that counsel performed adequately and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Titsworth v. Dretke*, 401 F.3d 301, 310 (5th Cir. 2005). A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel "unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004).

This Court has reviewed petitioner's pretrial competency evaluation report submitted to the state court, and notes that in finding petitioner competent to stand trial, the evaluating

11

psychologist reported that, "Mr. Ford's claims are, indeed, so extreme that *he is almost certainly malingering mental illness*." Clerk's Record, Vol. I, pp. 33 (emphasis added). It would not be unreasonable for trial counsel to avoid presenting petitioner's claims of mental illness, given the risk of having the argument backfire with the State's use of this damaging report. No probative evidence appears in the record showing a viable defense based on mental illness or mental impairment, or that but for trial counsel's deficient performance, the result of the proceeding would have been different.

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

D.   <u>Request for Evidentiary Hearing to Establish Ineffective Assistance</u>

Petitioner requests an evidentiary hearing to obtain and present evidence of trial counsel's ineffective assistance, arguing that the state habeas court's "paper hearing" was inadequate to resolve his claims.

The AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail to diligently develop the factual bases for their claims in state court. Federal courts sitting in habeas are not an alternative forum for trying facts and issues which an inmate made insufficient effort to pursue in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437

(2000). The requirements for an evidentiary hearing are set out in 28 U.S.C. § 2254(e), which provides that:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
>> (A) the claim relies on–
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2254(e)(1)(2). Petitioner does not satisfy these requirements. He presents this Court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceedings. Likewise, he does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims. Petitioner does not offer any valid explanation for his failure to fully develop any and

all evidence supporting his claims during his state habeas proceedings. His request for an evidentiary hearing on the issue of ineffective assistance of trial counsel is denied.

## V.  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey,* 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson,* 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts that, if proven, would show that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. *See Strickland,* 466 U.S. at 687-88, 692; *Jones v. Jones,* 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts,* 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Id*. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland,* 466 U.S. at 690-91.

Petitioner contends that appellate counsel was ineffective in advising petitioner that he did not meet the criteria for submitting a petition for discretionary review and failing to inform petitioner of his right to seek review *pro se*.

In his affidavit submitted to the state habeas court, appellate counsel testified as follows:

14

> [I] sent notice to Mr. Ford the same day I received a copy of the Court of Appeal's [opinion] affirming his conviction. Furthermore, I advised him of the rules concerning motions for rehearing as well as PDR. I also state in the letter that I would not file a PDR on his behalf because it was my opinion that he did not meet the criteria for a PDR.
>
> My analysis was that this was a court trial in which an eyewitness testified that he saw Mr. Ford stab the deceased in the neck, thereby committing an act clearly dangerous to human life causing the death of the deceased. Because the trial court found this evidence sufficient despite credibility issues of the eye-witness, the court found as the trier of fact that the evidence supported a rational trier of fact [finding] beyond a reasonable doubt that Mr. Ford was guilty.
>
> I am aware that sufficiency issues can only be raised on direct appeal and not in a writ of habeas corpus proceeding. Further, a PDR is necessary to continue the insufficiency of the evidence claims in order to exhaust all state remedies. However, in the instant case, because the evidence was so overwhelming as to Mr. Ford's guilt, it was my opinion that in the event he wished to continue appealing his conviction on a writ of habeas corpus that other avenues were more readily available to him. As I mentioned in the letter, one such avenue would be ineffective assistance of counsel for trying the case to the court as opposed to a jury trial. As Rule 66.2 of the Texas Rules of Appellate Procedure states 'discretionary review by the Court of Appeals is not a matter of right, but of the Court's discretion.' Rule 66.3 of the Texas Rules of Appellate Procedure state six grounds why a PDR may be filed. Mr. Ford's case does not fit any of these criteria. And it is my opinion, based on the facts admitted into evidence before a trial court that his presentation of an issue for PDR based on the insufficiency of the evidence would be baseless. Therefore, it was my opinion that I would not file a PDR.
>
> Even though it was my opinion that a PDR would be groundless, I did advise Mr. Ford in a timely fashion that if he chose to file one on his behalf, he could do so.

*Ford I*, pp. 31-32. In rejecting petitioner's claim of ineffective assistance of appellate counsel, the state habeas court found as true the facts asserted by counsel in his affidavit, and made the following relevant findings:

> 3. On June 30, 2003, [petitioner's] appellate counsel, Randy McDonald, timely sent [petitioner], at his present prison unit, a letter notifying him of the Court of Appeals' affirmance, of appellate counsel's decision not to file a petition for discretionary review on [petitioner's] behalf, and of [petitioner's] right to file a *pro se* petition for discretionary review to the Court of Criminal Appeals.
>
> 4. The totality of the representation afforded [petitioner] was sufficient to protect his right to reasonably effective assistance of counsel on direct appeal.

*Id.*, p. 36. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

Petitioner fails to show that under the federal constitution, he enjoys a constitutional right to reasonably effective assistance of counsel in pursuing a petition for discretionary review. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2003) ("The constitutionally secured right to counsel ends when the decision by the appellate court is entered.") Even assuming such right, petitioner fails to rebut the presumed correctness of the state court's findings by clear and convincing evidence to establish that appellate counsel "failed to correctly notify Petitioner that he could file a PDR pro-se." (Docket Entry No. 2, p. 5.) An independent review of the record fails to show either deficient performance by appellate counsel or that but for professional error by counsel, there is a reasonable probability that the result of petitioner's appeal would have been different. Specifically, petitioner fails to show a reasonable probability that had he filed a timely *pro se* petition for discretionary review, it would have been granted.

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of

*Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

## VI. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 8) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 26th day of June, 2006.

_____
Gray H. Miller
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI KAFI FORD, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2314 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

# FINAL JUDGMENT

For the reasons stated in this Court's *Memorandum Opinion and Order* of even date, this civil action is **DISMISSED WITH PREJUDICE**.

This is a **FINAL JUDGMENT**.

**SIGNED** at Houston, Texas on the 26th day of June, 2006.

---

Gray H. Miller
United States District Judge